IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

DESHAWN MURPHY,

    Plaintiff,

v.

WILLIAM BOEHM, in his individual and official capacity as a police officer for the CITY OF ALBANY, and DOES 1–25, inclusive, individually and in their official capacities as police officers for the CITY OF ALBANY,

    Defendants.

No. C 13-02406 WHA

**ORDER GRANTING IN PART AND DENYING IN PART MOTION TO DISMISS AND TO STRIKE PUNITIVE DAMAGES; AND VACATING DECEMBER 5 HEARING**

**INTRODUCTION**

In this civil-rights action asserting claims under Section 1983 and state law, defendant police officer moves to dismiss all claims with prejudice, or alternatively, to dismiss all claims brought against him in his official capacity and to strike plaintiff's request for punitive damages. To the extent stated, the motion is **GRANTED IN PART AND DENIED IN PART**. The hearing previously set for December 5 is **VACATED**.

**STATEMENT**

The amended complaint alleges the following well-pled facts, which are accepted as true for the purposes of this order. On April 21, 2012, the police arrested plaintiff Deshawn Murphy. This arrest was made pursuant to a warrant issued by the City of Albany Police Department. The warrant, in turn, was based on a declaration by defendant William Boehm, a police officer for the

City of Albany. According to Boehm's declaration, there was probable cause to arrest Murphy for being the Toyota Camry driver who escaped police during a high-speed car chase.

Prior to the warrant being issued, Murphy told Boehm that he owned a Chevy van and a Honda Accord, not a 2010 Toyota Camry. Murphy also explained to Boehm that on the night of December 16, 2012, he was at home caring for his vision-impaired child and not at the Albany Bowl. Boehm replied that he had seen a video tape from the Albany Bowl, showing Murphy leaving from the bar and getting into a Toyota Camry. Murphy denied that the person in the video tape was him, and asked Boehm to further investigate the matter. In response, Boehm said that "he just knew [Murphy] had something to do with a high speed car chase that occurred near the Albany Bowl based on [Murphy's] criminal background and where his address was listed with the DMV" (Compl. ¶ 14). As a result of the arrest, Murphy was incarcerated for seven days and lost his job.

On August 16, 2013, Murphy filed an amended complaint, stating three claims against Boehm and other defendants in their individual and official capacities as City of Albany police officers. The first claim is under Section 1983, asserting violations of the Fourth and Fourteenth Amendments for an arrest without probable cause, deprivation of life or liberty without due process of law, and deprivation of equal protection. The second claim is also under Section 1983, alleging violations of the Fourth and Fourteenth Amendments for detention without articulation of a reasonable suspicion, deprivation of life or liberty without due process, and deprivation of equal protection. The third claim is under state law, for false arrest and imprisonment without probable cause. In addition, the amended complaint requests "punitive damages in a sum according to proof" (*id.* at 7).

Under Federal Rule of Civil Procedure 12(b)(6), Boehm moves to dismiss these claims with prejudice, or in the alternative, to dismiss the claims brought against him in his official capacity and to strike the request for punitive damages. Murphy opposes, and alternatively seeks leave to amend the complaint to remedy any inadvertent references or pleading deficiencies identified herein. The order now considers each of these requests in turn.

**ANALYSIS**

**1. LEGAL STANDARD.**

To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim is facially plausible when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. While the court must take all of the factual allegations in the complaint as true, it is "not bound to accept as true a legal conclusion couched as a factual allegation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009) (citations omitted). "[C]onclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss for failure to state a claim." *Epstein v. Wash. Energy Co.*, 83 F.3d 1136, 1140 (9th Cir. 1996) (citation omitted).

**2. SECTION 1983 CLAIMS.**

Boehm argues that the two Section 1983 claims should be dismissed because he is entitled to qualified immunity. A determination of an officer's entitlement to qualified immunity involves a two-pronged inquiry. *First*, there is an assessment as to whether the factual allegations, viewed in the light most favorable to the plaintiff, demonstrate that the officer's conduct violated a constitutional right. *Second*, there is an inquiry into whether the right at issue was clearly established at the time of the officer's conduct. *Saucier v. Katz*, 533 U.S. 194, 201 (2001). In other words, "[q]ualified immunity is applicable unless the official's conduct violated a clearly established constitutional right." *Pearson v. Callahan*, 555 U.S. 223, 232 (2009). Here, Boehm only challenges the first prong, asserting that there are insufficient facts to demonstrate a violation of Murphy's constitutional rights.

Not so. Viewed in the light most favorable to Murphy, the amended complaint alleges enough facts to infer that Boehm may have obtained the warrant without probable cause. According to that complaint, Boehm sought the warrant after Murphy said he did not own a 2010 Toyota Camry and that he was at home with his child during the time in question. Murphy also told Boehm that he was making a mistake with the video tape and to further investigate the matter, but Boehm responded that "he just knew" Murphy was involved in the high-speed car

chase based on Murphy's background (Compl. ¶ 14). While a ruling on qualified immunity should be made early in the proceedings, this order finds that there are sufficient facts to allege a violation of Murphy's constitutional rights and thus cannot resolve the issue of qualified immunity in Boehm's favor at this point. *See Talada v. City of Martinez, Cal.*, C 08-02771 WHA, 2009 WL 382758, *11 (N.D. Cal. Feb. 12, 2009).

As to the Section 1983 claims, Boehm's motion is thus **DENIED**.

### 3. STATE LAW CLAIM.

Nonetheless, Boehm argues that the claim of false arrest and imprisonment should be dismissed because of immunity for officers under state law. Boehm asserts, and Murphy does not contest, that Section 43.55 of the California Civil Code provides the governing authority on such state law immunity (emphasis added):

> There shall be no liability on the part of, and no cause of action shall rise against, any peace officer who makes an arrest pursuant to a warrant of arrest regular upon its face if the peace officer in making the arrest acts *without malice* and in the reasonable belief that the person arrested is the one referred to in the warrant.

Boehm thus argues that the claim of false arrest and imprisonment should be dismissed because the amended complaint fails to allege sufficient facts showing malice.

The order agrees. The amended complaint contends that Boehm "maliciously caused" Murphy to be arrested and that Boehm's conduct was "malicious, wanton, and oppressive," but there are no facts within the amended complaint to support these legal conclusions (Compl. ¶¶ 16, 19). The closest that the amended complaint gets are Boehm's alleged responses, regarding how "he just knew" Murphy was involved in the high-speed car chase and how "there was nothing [Boehm] could do" in seeking the warrant, despite Murphy's request for further investigation (*id.* ¶¶ 14, 15). These allegations, however, are inadequate to infer that Boehm's conduct was somehow malicious.

Nor do Murphy's other arguments defeat the motion to dismiss his state law claim. Indeed, these arguments — as to how Boehm did not investigate Murphy's alibi, did not have conclusive and competent identification of Murphy as the wrongdoer, and otherwise wrangled "all other connections" that he could against Murphy — exist within Murphy's opposition and

4

not the amended complaint.  The order therefore does not consider these allegations for the purposes of Boehm's present motion.

As a result, the motion to dismiss the claim of false arrest and imprisonment is **GRANTED** without prejudice to Murphy seeking leave to amend his complaint, as per the last paragraph of this order.

### 4. OFFICIAL CAPACITY CLAIMS AND PUNITIVE DAMAGES.

Boehm also seeks to dismiss claims brought against him in his official capacity and to strike the request for punitive damages.  As a preliminary matter, Murphy states in his opposition that he "did not plead or intend to infer any theory of direct liability against the City of Albany and therefore withdraws reference to claims against officers in their official capacities" (Opp. 3). As such, the order turns to the issue of punitive damages.

For a Section 1983 claim, punitive damages are available "when the defendant's conduct is shown to be motivated by evil motive or intent, or when it involves reckless or callous indifference to the federally protected rights of others."  *Smith v. Wade*, 461 U.S. 30, 56 (1983). For a state law claim such as the one in this matter, Section 3294 of the California Civil Code provides that punitive damages are available where there is clear and convincing evidence that the defendant was guilty of oppression, fraud, or malice.

The order finds that punitive damages, under Section 1983 or state law, are improper here.  This is because the amended complaint fails to allege facts to infer that Boehm's conduct was malicious, reckless, oppressive, or fraudulent, as required under Section 1983 or Section 3294.  Murphy nevertheless suggests that Boehm's conduct was malicious because he "unilaterally determin[ed] [Murphy] to be his high speed chase suspect and tailor[ed] his investigation to fit that determination" (Opp. 9).  There are, however, no facts within the amended complaint to support such a suggestion.

The motion to strike punitive damages is therefore **GRANTED** without prejudice to Murphy seeking leave to amend his complaint, as per the last paragraph of this order.  The motion to dismiss claims brought against Boehm in his official capacity is **DENIED AS MOOT**.

5

### 5. LEAVE TO AMEND COMPLAINT.

In his opposition, Murphy requests leave to amend his current complaint to remedy any inadvertent references or pleading deficiencies identified by this order. Boehm challenges this request, contending that "[j]ustice does not require that [Murphy] be given repeated attempts to draft a [c]omplaint that conforms to the Federal Rules of Civil Procedure and applicable case law" (Reply 4). Murphy has not attached a proposed second amended complaint to his opposition.

It is true that Murphy has amended his complaint once before, but it is premature to consider this issue in the absence of a proper motion by Murphy for leave to amend the present complaint. Accordingly, Murphy will be permitted to file such a motion, as follows.

## CONCLUSION

For the foregoing reasons, Boehm's motion is **GRANTED IN PART AND DENIED IN PART**. As to the state law claim and the request to strike punitive damages, the motion is **GRANTED**, subject to the following paragraph. Regarding the claims brought against Boehm in his official capacity, the motion is **DENIED AS MOOT**. With respect to the Section 1983 claims, the motion is **DENIED**. The hearing previously set for December 5 is **VACATED**.

Murphy may file a motion on the normal 35-day track seeking leave to file amended pleadings that might save his claim of false arrest and imprisonment or request for punitive damages. Such a motion is due by **5 PM ON DECEMBER 10**. A proposed second amended complaint must be appended to that motion. Furthermore, the motion should clearly explain how the amendments to the present complaint cure the deficiencies identified herein. If the proposed amendments do not address these deficiencies, they will not be allowed. Finally, Murphy should include as an exhibit to the motion a redline or highlighted version identifying all changes between the present complaint and his proposed second amended complaint.

**IT IS SO ORDERED.**

Dated: November 19, 2013.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

6